IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHESTER BROWN,

        Plaintiff,                    No. 2:12-cv-2685 AC P

    vs.

R. GOWER, et al.,

        Defendants.        <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in

1

fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

*Summary of the Complaint*

In 2010, plaintiff suffered disciplinary convictions for: (1) refusal to work; and (2) possession of an inmate manufactured weapon.  Plaintiff alleges that he was set up on the weapons charge after being targeted by staff, and that defendants Philips, Hewitt, Marsh, and

Mullin, who presided over the disciplinary hearing and appeals, violated his Eighth and Fourteenth Amendment rights by finding him guilty and upholding the conviction. Plaintiff alleges that defendants additionally violated several state regulations in upholding the conviction.

Plaintiff also alleges that defendants Auzenne and Denney violated plaintiff's rights under the Americans with Disabilities Act, as well as his Eighth and Fourteenth Amendment rights, when Auzenne charged plaintiff with refusing to work, and when Denney found plaintiff guilty.

Plaintiff further alleges that defendant Garate sexually harassed him while plaintiff was housed at Valley View Camp in 2010; and that defendant Hudspeth searched his cell in July 2012 in order to harass plaintiff.

Plaintiff names as additional defendants Matthew Cate, Director of the California Department of Corrections and Rehabilitation ("CDCR"), and R. Gower, Warden of the California Correction Center, apparently as respondeat superior defendants.

*Analysis*

This complaint will be dismissed with leave to file an amended complaint within 28 days.

### Habeas and Civil Rights

Plaintiff alleges that he suffered two disciplinary convictions as a result of a conspiracy against him, and seeks to vacate the convictions as well as money damages.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304-1305 (2004) (per curiam). Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning

on circumstances of confinement may be presented in a § 1983 action. Muhammad v. Close, 540 U.S. at 750. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. Id. at 750-51.

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court held that where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. See Muhammad v. Close, 540 U.S. at 751. Accordingly, in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court applied Heck in the circumstances of a §1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served. See Muhammad v. Close, 540 U.S. at 751. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies. Id.

Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a); Muhammad v. Close, 540 U.S. at 751. Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. Muhammad v. Close, 540 U.S. at 751.

In this case, plaintiff challenges his disciplinary convictions, and seeks both

money damages as well as a vacation of the underlying disciplinary convictions. It is unclear from the current complaint whether plaintiff's disciplinary conviction has impacted the length of his sentence or his eligibility for parole. See Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), *quoting* Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989) ("[h]abeas corpus jurisdiction....exists when a petitioner seeks expungement of a disciplinary finding that is *likely to accelerate* the prisoner's eligibility for parole."); Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of plaintiff's confinement).

The court therefore cannot determine whether plaintiff's claims are more appropriately raised in a federal habeas petition, after plaintiff has exhausted all available state habeas opportunities, or whether it may proceed as a civil rights complaint. In addition, if the claim may proceed as a civil rights complaint, the court is unable to determine whether the action is barred under Heck and Edwards. The complaint will accordingly be dismissed with leave to amend.

### Americans with Disabilities Act

Plaintiff alleges that defendants Auzenne and Denney discriminated against him in violation of the Americans with Disabilities Act ("ADA") when they disciplined him for refusing to work. Complaint, ¶¶ 69-70.

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971, 118 S.Ct. 423 (1997). To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity;

5

and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability.  <u>Weinrich</u>, 114 F.3d at 978.

If plaintiff seeks to make a claim under the ADA, he may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages.  See <u>Phiffer v. Columbia River Correctional Institute</u>, 384 F.3d 791, 792 (9th Cir. 2004), <u>cert.</u> <u>denied</u>, 546 U.S. 1137, 126 S.Ct. 1140 (2006); <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1051 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1105, 123 S.Ct. 871 (2003).  He cannot seek damages pursuant to the ADA against the defendants in their individual capacities.  <u>Eason v. Clark County School Dist.</u>, 303 F.3d 1137, 1144 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1190, 123 S.Ct. 1262 (2003), <u>citing</u> <u>Garcia v. S.U.N.Y. Health</u>, 280 F.3d 98, 107 (2d Cir. 2001).  To the extent he makes claims of violations of the ADA against any individual defendant, such claims may proceed only to the extent that plaintiff seeks injunctive relief and has sued such individual defendant in an official capacity.  <u>Miranda B. v. Kitzhaber</u>, 328 F.3d 1181, 1187-88 (9th Cir. 2003); <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002), <u>cert. denied</u>, 538 U.S. 921, 123 S.Ct. 1570 (2003).

It is currently unclear in the complaint what relief plaintiff seeks on account of the ADA violation, specifically.  For example, as noted above, plaintiff may not recover damages against defendants Auzenne and Denney individually.  Moreover, the injunctive relief plaintiff seeks in this action – vacation of his disciplinary convictions – is not available through 42 U.S.C. § 1983.  <u>See</u>, <u>e.g.</u>, <u>Bogovich v. Sandoval</u>, 189 F.3d 999, 1002-03 (9th Cir. 1999) (no reason to treat ADA claims any differently than § 1983 claims when examining whether a prisoner's case should have been brought under habeas corpus).

<u>Verbal and Sexual Harassment</u>

Plaintiff alleges that defendant Garate sexually harassed him when Garate

> raised his butt out of his chair, his back pressed into the back rest and started making sexual humping gestures while staring at [plaintiff] saying, 'Brown, if you try to leave my camp, I will, 'fuck you.'  Defendant Garate went on to say, 'I have friends at High Desert State Prison & C.C.C. and I will fuck you.'"

6

Complaint, ¶ 25.

Generally, verbal harassment does not violate the Eighth Amendment. See Kennan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Although prisoners have a right to be free from sexual abuse, the Ninth Circuit has held that the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment. See Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (no Eighth Amendment violation by guard who, in an isolated incident, taunted prisoner and exposed himself to prisoner for a period of 30-40 seconds while guard was in elevated, enclosed booth when guard never physically touched prisoner).

The Ninth Circuit recently affirmed the dismissal of a claim of sexual harassment in violation of the Eighth Amendment against a correctional officer who was alleged to have entered the plaintiff inmate's cell while the plaintiff was on the toilet and to have approached him and then rubbed his thigh against plaintiff's thigh and to have begun smiling, before leaving the cell laughing. Watison v. Carter, 668 F.3d 1108, 1112-14 (9th Cir. 2012).

> After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jordan v. Gardner,* 986 F.2d 1521, 1525 (9th Cir.1993) (en banc) (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)) (internal quotation marks and indications of alteration omitted). The alleged pain may be physical or psychological. *See, e.g., Jordan,* 986 F.2d 1521. Nevertheless, the "inmate must objectively show that he was deprived of something 'sufficiently serious.' " *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir.2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994)).

Watison v. Carter, 668 F.3d at 1112.

The behavior plaintiff has described with regard to defendant Garate appears to involve "'the exchange of verbal insults between inmates and guards [which] is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment." Watison v. Carter, 668 F.3d at 1113, quoting Somers v. Thurman, 109 F.3d 614, 622 (9th Cir.1997). There is nothing in the record to suggest that defendant Garate

7

touched plaintiff, or that defendant Garate ever repeated the behavior.[1]  Under the law of the circuit, plaintiff does not appear to allege a colorable Eighth Amendment claim for sexual harassment.

### Threats and Retaliation

To the extent plaintiff is alleging that defendant Garate retaliated against him, when defendant Garate "went behind Lt. Johnson and called Eel River Camp before plaintiff arrived," plaintiff has failed to state a colorable claim.  Complaint, ¶ 26.

The Ninth Circuit recently reiterated the five elements of a retaliation claim, specifying what a plaintiff must allege in order to defeat a motion to dismiss for failure to state a claim:

> First, the plaintiff must allege that the retaliated-against conduct is protected.  The filing of an inmate grievance is protected conduct.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  Second, the plaintiff must claim the defendant took adverse action against the plaintiff.  Id. at 567.  The adverse action need not be an independent constitutional violation.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  "[T]he mere *threat* of harm can be an adverse action...."  Brodheim, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct.  Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.  See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities."  Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted).  "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11.  That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the claim at the motion to dismiss stage.

---

[1]  While plaintiff alleges that defendant Garate made sexual jokes and innuendos (Complaint, ¶ 24), plaintiff does not advise the court what the comments actually were, nor does he provide any context for his allegation, preventing the court from determining, for example, whether the comments were aimed at plaintiff.

> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of the institution." Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Watison v. Carter, 668 F.3d at 1114.

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

In this case, plaintiff appears to be alleging that defendant Garate threatened or retaliated against plaintiff for plaintiff's decision to take a different prison job or to transfer to another prison. However, the prisoner's request to transfer is not protected conduct, as prisoners have no constitutionally protected liberty interest in being held at, or remaining at, a given facility. See, e.g., Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (noting that prisoners may not be transferred for exercising First Amendment rights to pursue civil litigation), citing Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532 (1976). Plaintiff also has no constitutional right to prison employment. See Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997). Plaintiff has not alleged that defendant Garate's conduct somehow prevented or chilled plaintiff's exercise of his First Amendment rights. See, e.g., Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001). Under the law of the circuit, plaintiff does not appear to allege a colorable First Amendment claim for retaliation.

### Cell Searches

Plaintiff alleges that, on July 24, 2012, defendant Hudspeth harassed plaintiff by

searching plaintiff's cell. Complaint, ¶ 63. Plaintiff alleges that his grievance of the incident has been "blocked" by prison administration. Id.

Assuming for the purposes of this order that plaintiff has exhausted this claim, plaintiff fails to state a colorable claim under the Fourth Amendment, as prisoners have no Fourth Amendment right of privacy in their cells. See, e.g., Hudson v. Palmer, 468 U.S. 517, 525-28, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."); Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010).

Plaintiff has also failed to state a colorable Fourteenth Amendment claim, as he has not alleged that he was deprived of any property as a result of the search. Even if he had been deprived, his claim would probably not be colorable. Where a prisoner alleges the deprivation of a liberty or property interest in violation of the Fourteenth Amendment, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See, e.g., Hudson v. Palmer, 468 U.S. at 533. California provides such a remedy for prisoners. See Cal. Gov't Code §§ 810 et seq. See also Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Under the law of the circuit, plaintiff does not appear to allege a colorable Fourth or Fourteenth Amendment claim in connection with defendant Hudspeth's cell search.

### *Leave to Amend*

The court will dismiss the complaint with leave to amend. Plaintiff is reminded that, if he chooses to file an amended complaint under 42 U.S.C. § 1983 (as opposed to a habeas petition challenging his disciplinary convictions), he should provide the court with sufficient information to determine if the action is barred by Heck and Edwards, as outlined above.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### *Appointment of Counsel*

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court has does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

### *Application to Proceed in Forma Pauperis*

Plaintiff has also requested an extension of time to file a certified application to proceed in forma pauperis. Good cause appearing, the request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Docket No. 3) is denied;

2. Plaintiff's motion for an extension of time (Docket No. 4) is granted;

3. Plaintiff is granted forty five (45) days from the date of this order in which to file a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court;

4. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

5. Plaintiff shall submit, within forty five (45) days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

6. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty eight (28) days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: November 21, 2012

_____/s/_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
brow2685.B.31+36