IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHESTER BROWN,

      Plaintiff,                    No. 2:12-cv-2685 AC P

     vs.

R. GOWER, et al.,

      Defendants.            ORDER

_____/

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks declaratory and injunctive relief, as well as money damages, pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 6.

By order filed November 26, 2012, the court dismissed plaintiff's original complaint with leave to amend. ECF No. 9. On December 13, 2012, plaintiff filed an amended complaint. ECF No. 10. For the reasons outlined below, the amended complaint will be dismissed with leave to amend within thirty days of the filing date of this order.

*Disciplinary Convictions*

In his original complaint, plaintiff challenged two disciplinary convictions, and sought both injunctive relief (vacatuer of the convictions) as well as money damages. In its

November 26, 2012 order, the court noted that it was unclear whether plaintiff's disciplinary convictions had impacted the length of his sentence of his eligibility for parole. ECF No. 9 at 4-5. Consequently, the court could not determine whether plaintiff's claims were more appropriately raised in a federal habeas petition, after plaintiff has exhausted all available state remedies, or whether it could proceed as a civil rights complaint. Id. at 5. The court noted that, if the claim could proceed as a civil rights complaint, the court was unable to determine whether the action would be barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997).

In his amended complaint, plaintiff alleges that his disciplinary convictions were the result of a retaliatory conspiracy which violated his Fourteenth and Eighth Amendment rights. ECF No. 10 at 13-20. He also appears to raise a First Amendment retaliation claim, though he does not explicitly say so. Id. As to the jurisdiction question raised in the court's November 26th order, plaintiff writes:

> Let the court take note Plaintiff did not draw out paragraphs 16-50 to challenge his disciplinary conviction, in hopes the court would vacate the guilty finding. Plaintiff is aware these issues are state habeas issues.
>
> It is Plaintiff's intention to point out to the court there was a Retaliatory Conspiracy to effect Plaintiff's release date. Defendants Auzenna and Denney violated Plaintiff's right to ADA, it was a Retaliatory Conspiracy to get plaintiff back to C.C.C. and removed from the Camp Program and stop plaintiff from being released on his date.
>
> Plaintiff had a determined Release date of 9-27-12. . . .The fact is, Plaintiff did not get Released (Paroled) on his date and has to stay incarcerated for an extended 300 days, illegally. Plaintiff's Release date is now 6-4-13. Plaintiff is serving the 300 days, now.

ECF No. 10 at 13-14.

Based on the facts as presented in plaintiff's amended complaint, plaintiff now appears to allege that his term of imprisonment has been impacted by his disciplinary convictions. Plaintiff, however, does not appear to seek federal habeas relief, and seems to

disclaim it. However, plaintiff's remaining claims that his constitutional rights were violated in connection with his disciplinary hearings, asserted under 42 U.S.C. § 1983, are barred by Heck and Edwards, because any decision in plaintiff's favor would necessarily invalidate plaintiff's convictions and plaintiff has not shown that the underlying convictions have been reversed, expunged or set aside. See Corrales v. Vega, 2012 WL 6952475 *1-2 (C.D. Cal. Nov. 14, 2012); Jackson v. Winsor, 986 F.Supp. 440, 444 (E.D. Mich. 1997).

*Americans with Disabilities Act*

In his amended complaint, plaintiff again alleges that defendants Auzenne and Denney discriminated against him in violation of the Americans with Disabilities Act ("ADA"). As noted in the court's November 26, 2012 order, plaintiff may not seek damages pursuant to the ADA against non-entity defendants in their individual capacities.

To the extent he makes claims of violations of the ADA against any individual defendant, such claims may proceed only to the extent that plaintiff seeks injunctive relief and has sued such individual defendant in an official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002), cert. denied, 538 U.S. 921 (2003). In this case, any such claims plaintiff makes must fail, because he does not identify the injunctive relief he seeks on account of the alleged, past ADA violation.

In addition, plaintiff appears to claim that defendants violated the ADA by finding him guilty in connection with his disciplinary violations. To the extent plaintiff is attempting to allege that he was wrongfully convicted because the ADA somehow excuses the behavior of which he was convicted, such a claim would be barred under Edwards and Heck, for the reasons noted above. See Bogovich v. Sandoval, 189 F.3d 999, 1002-03 (9th Cir. 1999).

*Other Constitutional Violations*

In the November 26, 2012 order, the court construed plaintiff's complaint to include allegations of verbal and sexual harassment, improper cell searches, and retaliation. In light of plaintiff's statement in his amended complaint that he offers his account of these

3

1  purported violations as evidence of a retaliatory conspiracy, the court will no longer construe his
2  complaint to include these separate claims.

### Leave to Amend

4  The court will dismiss the amended complaint with leave to amend.  No further
5  amendments will be granted.

6  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
7  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
8  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
9  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
10 there is some affirmative link or connection between a defendant's actions and the claimed
11 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
12 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
13 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
14 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
16 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
17 complaint be complete in itself without reference to any prior pleading.  This is because, as a
18 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
19 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
20 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
21 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### Appointment of Counsel

23 Plaintiff has again moved for the appointment of counsel.  ECF No.  The United
24 States Supreme Court has ruled that district courts lack authority to require counsel to represent
25 indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298
26 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court has does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 11) is denied;

6. The amended complaint (ECF No. 10) is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty eight (28) days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: February 25, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
brow2685.B.31

5